UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL ALEXANDER KUHL,

      Petitioner,

                                  CASE NO. 4:26-CV-10421
v.                                  HONORABLE F. KAY BEHM

TROY CHRISMAN,

      Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Michigan prisoner Samuel Alexander Kuhl ("Petitioner"), confined at the Charles E. Egeler Reception & Guidance Center ("RGC") in Jackson, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 concerning his conditions of confinement at that facility. In particular, he complains about his ability to communicate with legal counsel, his access to a law library and legal writer assistance, and his prison cell space and seeks a transfer to another prison. ECF No. 1. For the reasons stated, the Court concludes that Petitioner fails to state a claim upon which federal habeas relief may be granted and summarily dismisses his habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

II.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A habeas petition provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-487 (1973). In this case, Petitioner is not challenging the fact or duration of his confinement, nor is he contesting his

2

criminal conviction or sentence.  Rather, he complains about his living conditions at RGC and seeks a transfer to another prison.  Habeas relief is not available to prisoners who complain of mistreatment during their legal incarceration.  *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).  Such complaints involving the conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner."  *Id*. (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

Claims concerning prison conditions are generally not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2241 or 2254.  *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits").  A § 2241 petition can be used to challenge the conditions of confinement when release from custody is the only appropriate remedy.  *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).  Claims concerning conditions of confinement which can be remedied by improved prison conditions are not cognizable in a habeas action under §§ 2241 or 2254.  *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)); *see also*

3

*Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Keener v. Hemingway*, No. 23-CV-10260, 2023 WL 2309761, *3 (E.D. Mich. March. 1, 2023) (summarily dismissing conditions of confinement claims brought in a § 2241 petition). Rather, such claims are more properly brought in a civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (claims against federal officials), or 42 U.S.C. § 1983 (claims against state officials).  *See Preiser*, 411 U.S. at 484; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Luedtke*, 704 F.3d at 466 (dismissing § 2241 petition without prejudice to filing a civil rights action); *see also Solano-Moreta v. Federal Bureau of Prisons*, No. 17-1019, 2018 WL 6982510 (6th Cir. Sept. 24, 2018).

Because Petitioner's claims concern his conditions of confinement at RGC and do not challenge his criminal convictions or sentences, he fails to state a claim for habeas relief under 28 U.S.C. § 2241 (or § 2254).  His habeas petition must therefore be dismissed.

III.

For the reasons stated, the Court concludes that Petitioner fails to state a claim upon which federal habeas relief may be granted in his pleadings. Accordingly, the Court **DISMISSES WITH PREJUDICE** his habeas petition. This dismissal is without prejudice to the filing of a civil rights complaint. The Court makes no determination as to the merits of any such complaint.

Before Petitioner may appeal, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. ' 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. ' 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a COA is warranted if reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Accordingly, the Court **DENIES** a COA.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.  This case is closed.

**SO ORDERED**.

Dated:  February 6, 2026                          s/F. Kay Behm
                                                              F. Kay Behm
                                                              United States District Judge